**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1606-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY GARCIA,

     Defendant-Appellant.

_____

Submitted September 10, 2024 – Decided October 7, 2024

Before Judges Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 18-10-0787.

Caruso Smith Picini, attorneys for appellant (Wolodymyr Tyshchenko, of counsel; Thomas M. Rogers, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Lila B. Leonard, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Gregory Garcia appeals from his guilty plea conviction for unlawful possession of a large capacity [firearm] magazine (LCM). He contends the trial court erred in denying his motion to suppress, claiming the affidavit in support of the search warrant for his residence did not establish probable cause and contained falsehoods or statements made with reckless disregard for the truth. He also contends the trial court erred by denying his motion to stay the proceedings pending the outcome of federal litigation challenging the constitutionality of New Jersey's LCM statute. Defendant argues the statute violates the Second Amendment. After carefully reviewing the record and arguments of the parties in light of the governing legal principles, we affirm.

I.

We discern the following pertinent facts and procedural history from the record. Defendant was a police officer employed by the Wharton Police Department. On December 16, 2016, he applied to the New Jersey Department of Labor and Workforce Development for Temporary Disability Insurance. Defendant described his disability as "alcohol dependency treatment." Defendant began inpatient treatment on January 2, 2017 and was discharged on January 30, 2017.

2

Defendant subsequently submitted to a fitness-for-duty evaluation. On March 2, 2017, the psychologist who performed the evaluation opined that defendant "does not evidence a psychological condition or impairment that would be likely [to] interfere with his ability to effectively function as a police officer."

In May 2017, an Internal Affairs investigator questioned defendant regarding his truthfulness and fitness for duty based on "being absent from duty on November 4, 2016 and statements made in reference to [his] absence on that date." During the interview, defendant "admitted to having an alcohol problem" that required him to "seek inpatient treatment."

On December 4, 2017, defendant applied for a replacement firearms purchaser identification card (FPIC) based on a change of address. Question twenty-three on the FPIC application asks whether the applicant is an alcoholic. Defendant checked off the box labeled "no." The application also contained a certification that the answers given on the form are "complete, true and correct in every particular," with a written warning that any false answers would subject the applicant to punishment.

A-1606-22

On February 20, 2018, the replacement FPIC card was issued to defendant. On April 11, 2018, he applied for a permit to purchase a handgun. Defendant again responded to question twenty-three in the negative.

Police received information from a confidential FBI source that defendant "had become increasingly infatuated with firearms," had been "purchasing body armor and stockpiling ammunition," and had "a large amount of ammunition at his residence." The source also stated defendant "had recently purchased an Accuracy International rifle sometime after January 1, 2018."

On June 15, 2018, a search warrant was issued for defendant's residence based on suspected violations of N.J.S.A. 2C:39-10(c) (giving false information in connection with an application for a permit to purchase handgun) and N.J.S.A. 2C:39-5(f) (unlawful possession of an assault firearm). The warrant affidavit "contained specific information that Detective [Janine Buchalski][1] is a Certified Firearms Instructor and she's familiar with different calibers of ammunition and types of firearms in which each might correspond based on a photograph." The affidavit specifically referred to a photograph of ammunition bins with markings that read "223, 556, 338, 300 WIN BLK 308" that "would be fired by a high-

---

[1] The trial transcript misspells the affiant's last name. The affidavit clarifies the affiant's surname is "Buchalski."

powered/high velocity long gun that . . . have a range of at least a thousand yards." On June 18, 2018, police executed the warrant and found various weapons, ammunition, and firearm accessories.

In October 2018, defendant was charged by indictment with third-degree false representation in applying for an FPIC, N.J.S.A. 2C:39-10(c) (count one); two counts of third-degree false representation in applying for a handgun purchase permit, N.J.S.A. 2C:39-10(c) (counts two and three); four counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(f) (counts four through seven); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2) (count eight); fourth-degree child neglect, N.J.S.A. 9:6-3 (count nine); two counts of fourth-degree unlawful possession of a prohibited weapon or device, N.J.S.A. 2C:39-3(c) (counts ten and eleven); and sixteen counts of fourth-degree unlawful possession of a prohibited weapon or device, N.J.S.A. 2C:39-3(j), specifically, LCMs, (counts twelve to twenty-seven).

On July 13, 2020, defendant's motion to dismiss counts four through seven was granted without prejudice because grand jurors had not been provided relevant information.[2]

---

[2] The State did not appeal the dismissal of those counts.

Defendant moved to suppress the evidence seized pursuant to the search warrant and asked for a Franks[3] hearing to challenge the truthfulness of the affidavit. On October 18, 2021, Judge Ralph E. Amirata convened a suppression hearing and ultimately denied both motions. In November 2021, defendant moved for reconsideration. On May 27, 2022, Judge Amirata denied the reconsideration motion, issuing a twenty-one-page written opinion.

In September 2022, defendant moved for an order staying trial pending the disposition of Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Bruck, 142 S. Ct. 2894 (2022).[4] Judge Amirata denied that motion.

On November 14, 2022, defendant pled guilty pursuant to a plea agreement to one count of unlawful possession of an LCM. The State agreed to dismiss all remaining counts and to recommend a non-custodial sentence. On

---

[3] Franks v. Delaware, 438 U.S. 154 (1978).

[4] On June 30, 2022, the United States Supreme Court granted the petition for a writ of certiorari, ordering the "[j]udgment vacated, and case remanded to the United States Court of Appeals for the Third Circuit for further consideration in light of New York State Rifle & Pistol Assn., Inc. v. Bruen," 142 S. Ct. 2111 (2022). Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Bruck, 142 S. Ct. at 2894. The Third Circuit remanded the matter to the United States District Court for the District of New Jersey for a decision under the standard set forth in Bruen. The District Court has issued an unpublished memorandum, and an appeal has been filed.

January 13, 2023, Judge Amirata sentenced defendant in accordance with his plea agreement to one year of non-custodial probation.[5]  This appeal followed. Defendant raises the following contentions for our consideration:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT THE WARRANT IS SUPPORTED BY PROBABLE CAUSE AND DENYING [DEFENDANT'S] MOTION TO SUPPRESS.

A: NO PROBABLE CAUSE FOR EVIDENCE/VIOLATIONS OF N.J.S.A. 2C:10(C).

B: NO PROBABLE CAUSE FOR EVIDENCE/VIOLATIONS OF N.J.S.A. 2C:39-5F (UNLAWFUL POSSESSION OF FIREARMS).

C: THE TRIAL COURTS RELIANCE UPON "CORROBORATING" FACTORS WAS IN ERROR AS SUCH FACTORS DO NOT SAVE PROBABLE CAUSE.

POINT II

THE TRIAL COURT ERRED IN FINDING MOVANT DID NOT MAKE A SHOWING THAT THE AFFIDAVIT CONTAINED FALSEHOODS OR STATEMENTS MADE WITH RECKLESS DISREGARD FOR THE TRUTH.

POINT III

---

[5]  On August 29, 2023, defendant was granted early release from probation.

A-1606-22

IT WAS ERROR FOR THE COURT TO HAVE DENIED [DEFENDANT'S] MOTION TO STAY TRIAL PENDING DISPOSITION OF N.J. Rifle & Pistol Clubs, Inc., et al v. A.G. N.J., et al.

POINT IV

[DEFENDANT'S] JUDGMENT OF CONVICTION SHOULD BE OVERTURNED BECAUSE THE CONVICTION IS BASED UPON UNCONSTITUTIONAL LAW.

A: THE PLAIN TEXT OF THE SECOND AMENDMENT COVERS [DEFENDANT'S] CONDUCT AND AS SUCH IT IS PRESUMPTIVELY PROTECTED BY THE SECOND AMENDMENT.

B: THE STATUTES AT ISSUE ARE NOT SUPPORTED BY A NATIONAL TRADITION OF FIREARMS REGULATION.

Defendant raises the following contentions in his reply brief:

POINT I

THE COURT ERRED IN DENYING [DEFENDANT'S] MOTION FOR A FRANKS HEARING.

POINT II

[DEFENDANT] HAS NOT WAIVED HIS SECOND AMENDMENT CLAIMS.

POINT III

LCMs ARE ARMS WITHIN THE MEANING OF THE SECOND AMENDMENT AND ARE ENTITLED TO THE PRESUMPTIVE PROTECTIONS OF THE SAME.

8                                                    A-1606-22

THE STATE CANNOT SATISFY ITS BURDEN PURSUANT TO <u>BRUEN</u>.

II.

We first address defendant's contention that the search warrant was not supported by probable cause. To be valid, a search warrant "must be based on sufficient specific information to enable a prudent, neutral judicial officer to make an independent determination that there is probable cause to believe that a search would yield evidence of past or present criminal activity." <u>State v. Keyes</u>, 184 N.J. 541, 553 (2005).

The scope of our review of a search warrant is limited. <u>State v. Chippero</u>, 201 N.J. 14, 32-3 (2009). A search based on a warrant is presumed valid and the defendant has the burden of proving its invalidity. <u>State v. Sullivan</u>, 169 N.J. 204, 211 (2001). As our Supreme Court stressed in <u>State v. Andrews</u>, "reviewing courts 'should pay substantial deference' to judicial findings of probable cause in search warrant applications." 243 N.J. 447, 464 (2020) (quoting <u>State v. Kasabucki</u>, 52 N.J. 110, 117 (1968)); <u>see also</u> <u>State v. Marshall</u>, 123 N.J. 1, 72 (1991) ("We accord substantial deference to the discretionary determination resulting in the issuance of the warrant.").

With respect to the search for records, Judge Amirata found:

9                                                    A-1606-22

In the present matter, while [defendant] maintains a search warrant was not necessary because the State already was in possession of regulatory paperwork, the [c]ourt finds a search warrant was necessary to attain additional evidence. Specifically, this search warrant application requested authority to seize any and all regulatory paperwork required under N.J.S.A. 2C:58-3, N.J.S.A. 2C:58-4, N.J.S.A. 2C:58-5. Additionally, this search warrant application requested seizure of any and all firearms, long guns and ammunition, as well as other items set forth in the affidavit and order. It's clear the affidavit set forth information to support that there was evidence of a crime of falsifying an application to purchase . . . a permit.

We agree with Judge Amirata's analysis with respect to the search for records relating to defendant's alcohol problem and his applications for an FPIC and handgun purchase permit. We also agree with Judge Amirata's analysis and findings concerning probable cause to believe a search of defendant's residence would reveal evidence of a violation of N.J.S.A. 2C:39-5(f). The judge explained:

> Probable cause was based on the factual information provided by law enforcement sources to Detective [Buchalski], as well as her own personal knowledge of the facts of this case.
>
> ....
>
> Statements made by [defendant] during an Internal Affairs Administration interview [] in which he admitted he suffered from alcohol-related issues, [defendant's] . . . disability application in which he

referred to his disability as alcohol dependency treatment, and a photograph of a large amount of ammunition stockpiled in [defendant's] household, and finally an anonymous tip that was forwarded to the Prosecutor's Office through the Federal Bureau of Investigation.

....

The anonymous tip was forwarded to the Prosecutor's Office by the FBI and was corroborated by independent information. Detective [Buchalski] already had reason to know defendant was purchasing body armor and stockpiling ammunition because she observed the photograph which depicted a wall size shelf the contained ammunition cans with labels that corresponded to known calibers. In addition, Detective [Buchalski] was personally familiar with firearms and believed based on the ammunition in the photograph defendant may have been in possession of assault style firearms. Given the information known to her, there was a substantial basis for crediting the information provided in the tip from the FBI. Considering the totality of the circumstances this [c]ourt finds the affidavit sworn by Detective [Buchalski] is sufficient set forth in probable cause.

III.

We next address whether the trial court erred in finding defendant did not make a substantial preliminary showing that the affidavit contained falsehoods or statements made with reckless disregard for the truth. Defendant contends the affiant "lied by omission by implying that [defendant's] service weapon was kept secured at the station due to alcoholism." Relatedly, defendant argues the

11

affiant "intentionally made statements which purposefully omitted material facts about the treatment for 'alcoholism' that [defendant] had received."[6]  He also contends the affidavit omits that he was carrying and training with firearms, including a military grade assault weapon, in his capacity as a police officer from the time of his reinstatement until his arrest in June 2018.

In Franks, the United States Supreme Court imposed limitations on when a defendant may "challenge the truthfulness of factual statements made in an affidavit supporting [a search] warrant."  438 U.S. at 155.  In State v. Howery, the New Jersey Supreme Court adopted the test and procedures announced in Franks, holding "New Jersey courts, in entertaining veracity challenges, need go no further than is required as a matter of Federal Constitutional law by [Franks]."  80 N.J. 563, 568 (1979).

---

[6]  N.J.S.A. 2C:58-3(c)(3) provides in pertinent part that "a handgun purchase permit or firearms purchaser identification card shall not be issued . . . to any person with a substance disorder unless any of the foregoing persons produces a certificate of a medical doctor, treatment provider, or psychiatrist licensed in New Jersey, or other satisfactory proof, that  the person no longer has that particular disability in a manner that would interfere with or handicap that person in the handling of firearms."  So far as the record before us shows, defendant did not submit a certificate of a medical doctor, treatment provider, or psychiatrist along with his applications for an FPIC and handgun purchase permit.

A-1606-22

Under the Franks/Howery standard, a "presumption of validity with respect to the affidavit supporting the search warrant" must be overcome before a defendant is entitled to an evidentiary hearing. Franks, 438 U.S. at 171; accord Howery, 80 N.J. at 566. "First, the defendant must make a 'substantial preliminary showing' of falsity in the warrant." Howery, 80 N.J. at 567 (quoting Franks, 438 U.S. at 170). Second, the defendant must allege "'deliberate falsehood or [ ] reckless disregard for the truth,' pointing out with specificity the portions of the warrant that are claimed to be untrue." Ibid. (quoting Franks, 438 U.S. at 171). "Finally, the misstatements claimed to be false must be material to the extent that when they are excised from the affidavit, that document no longer contains facts sufficient to establish probable cause." Id. at 568 (citing Franks, 438 U.S. at 171-72).

The same analysis applies when the defendant alleges the affidavit omitted material facts. See State v. Sheehan, 217 N.J. Super. 20, 25 (App. Div. 1987) ("the defendant must make a substantial preliminary showing that the affiant, either deliberately or with reckless disregard for the truth, failed to apprise the issuing judge of material information which, had it been included in the affidavit, would have militated against issuance of the search warrant"); accord State v. Stelzner, 257 N.J. Super. 219, 235 (App. Div. 1992).

13

In <u>State v. Broom-Smith</u>, we emphasized that a <u>Franks</u>/<u>Howery</u> hearing "is aimed at warrants obtained through intentional wrongdoing by law enforcement agents and requires a substantial preliminary showing[.]" 406 N.J. Super. 228, 240 (App. Div. 2009), <u>aff'd</u>, 201 N.J. 229 (2010). And as our Supreme Court recently reaffirmed, a "defendant's burden under <u>Franks</u> and <u>Howery</u> is high[.]" <u>State v. Desir</u>, 245 N.J. 179, 198 (2021).

Applying that standard, we agree with Judge Amirata's conclusion that defendant failed to show that the affidavit contained deliberate falsehoods or reckless disregard for the truth. We add the following comment with respect to defendant's contention that the affidavit improperly omitted any mention that

the offense of unlawful possession of an assault weapon is subject to an exemption for police officers.[7] The prosecutor argued to Judge Amirata:

> I submit, [y]our Honor, the State respects [ ]'s opinion [dismissing counts of the indictment based on the statutory exemption]. When the affidavit was prepared the State was not of the belief that the exemption applied to [defendant] and any weapons that he may own personally. It was [the] defense's position that it was. That was heavily briefed and argued before [ ]. And [ ] made a ruling that the exemption applied. The State respects that decision, did not appeal that decision. But again, at the time of the affidavit the State did not believe that exemption applied to the facts of this case.

---

[7] N.J.S.A. 2C:39-6 provides in pertinent part:

> …a person complies with the requirements of subsection j. of this section [pertaining to police training requirements], N.J.S.[A.] 2C:39-5 does not apply to:

> A regularly employed member, including a detective, of the police department of any county or municipality, or of any State, interstate, municipal or county park police force or boulevard police force, at all times while in the State of New Jersey.

> [N.J.S.A. 2C:39-6(a)(7)(a).]

For purposes of addressing defendant's Franks/Howery contention, we need not decide whether this exemption permits private ownership of assault weapons and associated LCMs as distinct from possession of such devices police departments issue to their officers. We offer no opinion on that question.

A-1606-22

We reiterate a <u>Franks</u>/<u>Howery</u> evidentiary hearing is required only when there is a showing of deliberate falsehoods or reckless disregard of the truth, that is, disregard for the <u>facts</u> that undergird the State's application for a search warrant. An ex parte affidavit for a search warrant is not the appropriate forum in which to interpret a criminal statute or consider legal defenses. <u>Cf.</u> N.J.S.A. 2C:1-14(i) (defining the term "material element of an offense") and N.J.S.A. 2C:1-13(b) (discussing defenses and affirmative defenses in the context of proving guilt beyond a reasonable doubt). Articulated another way, in establishing probable cause, the State is not obliged in a search warrant application to rebut legal defenses that might be raised following indictment. Furthermore, in this instance, the affiant by no means concealed the fact that defendant was a police officer. In these circumstances, we see no falsification or reckless disregard for the truth that would necessitate an evidentiary <u>Franks</u>/<u>Howery</u> hearing, much less invalidate the search warrant.

IV.

We need only briefly address defendant's contention that the trial court erred by denying his motion to stay trial pending the final disposition of the ongoing federal litigation addressing the constitutionality of New Jersey's LCM ban. A party seeking a stay must demonstrate that: (1) the relief is needed to

16

prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the "relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were." Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013); see also Crowe v. De Gioia, 90 N.J. 126 (1982). The moving party must establish these prongs by clear and convincing evidence. Ibid. (citing Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012)).

At the time defendant moved for a stay, he faced charges not only for unlawful possession of LCMs but also for endangering the welfare of a child based on unsecured weapons found in the home that defendant shared with a two-year-old and a four-year-old. The trial court acted well within its discretion by declining to indefinitely postpone the trial. We are unpersuaded that defendant established the requested relief is based on a well-settled right or that a stay was needed to prevent irreparable harm. The Second Amendment issue is not well-settled but rather remains contested. See infra note 4. Moreover, the harm is not irreparable because if LCM bans are found unconstitutional, defendant could file a petition for post-conviction relief (PCR). See R. 3:22-4(a)(3) (authorizing PCR when "denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the

State of New Jersey"). We add that defendant did not specifically preserve the stay issue when he pled guilty pursuant to a very favorable plea agreement that allowed him to avoid any prison or jail time. See R. 3:9-3(f).[8] See also Section V, infra.

## V.

That brings us to defendant's closely-related contention the LCM statute violates the Second Amendment—the legal question raised in the pending federal litigation. The record clearly shows defendant did not preserve his substantive Second Amendment argument for our review when he pled guilty.

"Generally, a guilty plea constitutes a waiver of all issues which were or could have been addressed by the trial judge before the guilty plea." State v. Robinson, 224 N.J. Super. 495, 498 (App. Div. 1988). See State v. J.M., 182

---

[8] Rule 3:9-3(f) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, the defendant shall be afforded the opportunity to withdraw his or her plea. Nothing in this rule shall be construed as limiting the right of appeal provided for in R. 3:5-7(d).

N.J. 402, 410 (2005) ("the failure to enter a conditional plea under <u>Rule</u> 3:9-3(f) generally bars appellate review of non-Fourth Amendment constitutional issues.").

The following discussion took place during the plea hearing:

> THE COURT: Do you understand … also understand you are giving up certain pretrial motion rights. I note we have addressed numerous motions on this matter. There are motions pending, which by operation of law would be, I would assume they will be withdrawn based on the disposition. Is that an accurate assumption, counsel?
>
> [DEFENDANT'S COUNSEL:]: Yes, [y]our Honor.
>
> THE COURT: All right. Certainly, as for the physical evidence motion your [a]ppellate rights attach pursuant to our court rules, but an additional motion would be deemed waived; do you understand that?
>
> [DEFENDANT'S COUNSEL]: Just one exception, [y]our Honor. The <u>Franks</u> motion.

Additionally, on the plea form, under the section that provides, "[d]o you further understand that by pleading guilty you are waiving your right to appeal the denial of all other pretrial motions except the following:" The only motion listed was "<u>Franks</u> motion." In these circumstances, we conclude defendant waived his Second Amendment contention and decline to address it on the merits, especially considering that question is presently before a federal court.

To the extent we have not specifically addressed any of defendant's arguments, it is because they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1606-22